UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

State Court No.  COSO-15-002395 Division (61)

LUBENOIT ELOUIDOR

    Plaintiff,

vs.

MIDLAND FUNDING, LLC

    Defendant.

_____/

## NOTICE OF REMOVAL BY MIDLAND FUNDING, LLC

Defendant, Midland Funding, LLC ("Midland"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1441, 28 U.S.C. §1331 and 28 U.S.C. §1446, hereby removes this case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and states:

1. On March 14, 2015, Lubenoit Elouidor ("Plaintiff") filed this lawsuit against Midland Funding, LLC asserting claims for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Midland files this Notice of Removal because Plaintiff's claims are based on alleged violations of the FDCPA which present federal questions and original jurisdiction lies in this Court.

3. On or about March 14, 2015, the Plaintiff filed a Complaint in Case No. COSO -15-002395 in the County Court in and for Broward County,

Florida. A copy of the Plaintiff's Complaint is attached hereto and marked as Exhibit "A".

4. Defendant, Midland, was served with the Summons and Complaint on March 24, 2015.

5. Plaintiff's Complaint alleges that Midland violated the FDCPA and FCRA by allegedly failing to report to each credit bureau to whom it furnished information about Plaintiff's account that Plaintiff had disputed the debt.

6. Based on the foregoing, Midland has timely filed this Notice of Removal within thirty (30) days of being served with the Complaint and within thirty (30) days of the date that the action was first removable. *See* 28 U.S.C. §1446(b)

7. This Notice of Removal is filed in compliance with 28 U.S.C. §1446(b) because it has been filed within thirty (30) days after service on Midland.

8. The current action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Midland and pursuant to the provisions of 28 U.S.C. § 1441 in that Plaintiff has alleged, *inter alia*, that Midland violated the FDCPA, thereby alleging claims that arise under Federal law.

9. Plaintiff's claims against Midland arise under the FDCPA and present a federal question. The United States District Courts have original, federal question jurisdiction over FDCPA claims under 28 U.S.C. §1331.

Accordingly, this Court has federal question removal jurisdiction under 28 U.S.C. §1441.

10. Pursuant to U.S.C. §1446(a), copies of all process, pleadings and orders served upon Midland, to date, in this action are attached hereto as Exhibit "A."

11. Pursuant to 28 U.S.C. §1391, venue is proper in this district because the allegations of the Complaint arise out of events which allegedly occurred in Broward County, Florida; this action was filed in the County Court in and for Broward County, Florida; and Broward County, Florida lies within the jurisdiction of the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

12. Pursuant to Rule 81(c), Fed.R.Civ.P., Defendant, Midland has seven (7) days from the date this Notice of Removal is filed to file a response to the Complaint.

13. Written notice of this Notice of Removal has been given to Plaintiff in this Action. A copy of this Notice of Removal is also being simultaneously filed with the County Court in and for Broward County, Florida, a copy of which is attached hereto as Exhibit "B."

14. Therefore, Defendant hereby gives notice pursuant to 28 U.S.C. §1331, 1441 and 1446, of the removal of this case from the County Court in and for Broward Dade County, Florida to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

WHEREFORE, based on this Court's original federal question jurisdiction, Defendant, Midland, respectfully requests that this case proceed in this Court as an action properly removed from the County Court in and for Broward County, Florida.

Dated this __16th__ day of April, 2015.

/s/ Patrick M. DeLong
PATRICK M. DELONG
(Florida Bar No. 982415)
pmdelong@mdwcg.com
100 N.E. Third Avenue
Suite 1100
Ft. Lauderdale, Florida 33301
(954) 847-4920
(954) 627-6640
Counsel for Midland Credit Management, LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By /s/ Patrick M. DeLong
Patrick M. DeLong

22/1440682.v1

| | |
|---|---|
| LUBENOIT ELOUIDOR,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC,<br><br>    Defendant. | IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA<br><br>CASE NO.: |

## COMPLAINT

COMES NOW, the Plaintiff, LUBENOIT ELOUIDOR, hereinafter "Plaintiff" by and through undersigned counsel and hereby brings this action against Defendant, MIDLAND FUNDING, LLC, hereinafter "Defendant", for statutory and/or actual damages, and attorney's fees for violations under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and in support thereof alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for actual and/or statutory damages exceeding $500 but not exceeding $2,500, as provided for under 15 U.S.C. § 1692k, exclusive of costs, interest and reasonable attorney's fees.

2. That at all times material hereto, the Plaintiff was and is a resident of Broward County, Florida and is otherwise *sui juris*. Venue is proper as the unlawful practices alleged herein took place in Broward County and therefore, properly lies in this Court.

3. Plaintiff, LUBENOIT ELOUIDOR, is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Plaintiff brings this action against Defendant based on the Defendant's practice of violating 15 U.S.C. § 1692e(8).

5. Defendant, MIDLAND FUNDING, LLC, is a Delaware limited liability company that regularly engages in and conducts business in the State of Florida, and Defendant is considered a "debt collector" pursuant to 15 U.S.C. § 1692a(6).



6. Plaintiff, as a result of Defendant's unlawful practices alleged herein, has been forced to retain the legal services of Daniel Tam, P.A. for the purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## BACKGROUND

7. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

   a. *Abusive Practices* - There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy; and

   b. *Inadequacy of Laws* - Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## ALLEGATIONS

8. On or about, June 26, 2014, the Plaintiff forwarded a dispute letter to the Defendant, which was received by Defendant.

9. Plaintiff specifically disputed an account listed on Plaintiff's credit report reported by the Defendant and demanded Defendant update the records it was disclosing to third parties, and requested that the account be marked in dispute on Plaintiff's credit report.

10. The disputed accounts were "debts" as that term is defined in 15 U.S.C. § 1692a(5).

11. Despite having received a dispute letter from the Plaintiff, Defendant failed to properly report the account as disputed by Plaintiff.

12. As a result of this violation of 15 U.S.C. § 1692e(8), Plaintiff has suffered damages as a result of Defendant incorrectly reporting Plaintiff's credit worthiness and/or Defendant misinforming third-

parties as to the status of Plaintiff's account which is incorrect, inaccurate, misleading and/or false, resulting in Plaintiff's inability to obtain and benefit from new credit, and Plaintiff's frustration, anguish, humiliation, and embarrassment of credit denials.

13. As a result of this violation of 15 U.S.C. § 1692e(8), Plaintiff is also entitled to statutory damages up to $1000.00, pursuant to 15 U.S.C. § 1692k.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 13 herein.

15. At all times material to this action, and in connection with the collection of a debt, Defendant violated 15 U.S.C. § 1692e(8) by failing to report to each credit bureau to whom it furnished information about the subject account that Plaintiff had disputed the alleged debt.

WHEREFORE, the Plaintiff demands judgment against the Defendant, MIDLAND FUNDING, LLC, for damages, including, but not limited to, actual damages, statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

DATED: March 14, 2015.

DANIEL TAM, P.A.
*Attorneys for Plaintiff*
1000 Fifth St., Ste. 200
Miami Beach, FL 33139
Telephone: (305) 357-0518
Facsimile: (877) 684-6189
dantamesq@me.com

By: /s/ Daniel Tam
DANIEL TAM, ESQ.
FBN 60610

| | |
|---|---|
| LUBENOIT ELOUIDOR | IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | |
| v. | CASE NO. COSO-15-002395 Division 61 |
| MIDLAND FUNDING, LLC | |
| Defendant. _____/ | |

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that Defendant, Midland Funding, LLC ("Midland") has filed with the Clerk of the United States District Court for the Southern District of Florida, Fort Lauderdale Division, a Notice of Removal, a copy of which is attached and filed with this document, and that this action is hereby removed to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. This Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by Order of the United States District Court, Southern District of Florida, Fort Lauderdale Division.

Respectfully submitted this ____16th____ day of April, 2015.

Respectfully submitted,

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN
 /S/ Patrick M. DeLong
By: s/Patrick M. DeLong

Patrick M. DeLong
Florida Bar No.: 0982415
Primary: pmdelong@mdwcg.com
100 NE 3rd Avenue, Suite 1100
Fort Lauderdale, FL 33301
Phone: (954) 847-4920
Secondary: ccardito@mdwcg.com

Attorneys for MIDLAND FUNDING, LLC



EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2015 I filed the attached document via the E-Portal and caused it to be served on Daniel Tam, Esquire, 1000 5th Street, Suite 200, Miami Beach, FL 33139 at dantamesq@me.com.

/s/*Patrick M. DeLong*
Patrick M. DeLong

22/1440489.v1